UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| RASHAAD HOGAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:22-cv-00472-JMS-MJD |
| | ) | |
| T. TUMEY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Plaintiff Rashaad Hogan has sued several correctional officers at Wabash Valley Correctional Facility (Wabash Valley) for violating his constitutional rights by ignoring his requests to fix his clogged toilet which interfered with his ability to conduct his daily prayers. Defendants have moved for summary judgment. For the reasons discussed below, their motion is **DENIED**.

**I.**
**Standard of Review**

A motion for summary judgment asks the Court to find that a trial is unnecessary because there is no genuine dispute as to any material fact and, instead, the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a). When reviewing a motion for summary judgment, the Court views the record and draws all reasonable inferences from it in the light most favorable to the nonmoving party. *Khungar v. Access Cmty. Health Network*, 985 F.3d 565, 572–73 (7th Cir. 2021). It cannot weigh evidence or make credibility determinations on summary judgment because those tasks are left to the fact-finder. *Miller v. Gonzalez*, 761 F.3d 822, 827 (7th Cir. 2014). A court only has to consider the materials cited by the parties, *see* Fed. R. Civ. P. 56(c)(3); it need

not "scour the record" for evidence that might be relevant. *Grant v. Trs. of Ind. Univ.*, 870 F.3d 562, 573−74 (7th Cir. 2017) (cleaned up).

A party seeking summary judgment must inform the district court of the basis for its motion and identify the record evidence it contends demonstrates the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986).

Whether a party asserts that a fact is undisputed or genuinely disputed, the party must support the asserted fact by citing to particular parts of the record, including depositions, documents, or affidavits. Fed. R. Civ. P. 56(c)(1)(A). Failure to properly support a fact in opposition to a movant's factual assertion can result in the movant's fact being considered undisputed, and potentially in the grant of summary judgment. Fed. R. Civ. P. 56(e).

## II.
## Factual Background

Because Defendants have moved for summary judgment under Rule 56(a), the Court views and recites the evidence in the light most favorable to the non-moving party and draws all reasonable inferences in that party's favor. *Khungar*, 985 F.3d at 572–73.

Mr. Hogan was housed in the Secured Confinement Unit (SCU) at Wabash Valley in August 2022. As a Muslim, Mr. Hogan believes he must pray five times a day in a clean setting. Complaint, dkt. 1 at 4.  Defendants were correctional officers who worked in the unit.

On August 23, 2022, Mr. Hogan's toilet became inoperable around 6:00 am. It filled with human waste from the plumbing. Hogan Deposition, dkt. 34-1 at 13-14. He asked Defendants Tumey and Mallott if he could use the restroom in the holding cell while waiting for maintenance to fix his toilet. *Id*. at 15. He also informed them that he needed a clean cell to complete his daily prayers. *Id*. at 16, 21-22.

Around lunchtime, Mr. Hogan brought the issue to Sgt. Yarber's attention. *Id.* at 17. Sgt. Yarber said he would get maintenance immediately, but maintenance did not come, and Mr. Hogan did not see Sgt. Yarber again that day. *Id.* Mr. Hogan continued to ask Defendants Tumey and Mallott for help. Because he did not have a working toilet, he waited 12 hours to use the bathroom when he was finally taken to a holding cell with an operable toilet. *Id.* at 18. His own toilet was fixed later that night. *Id.* at 19. He missed several prayer times as a result of the situation. *Id.* at 21.

On August 29, 2022, Mr. Hogan's range flooded so officers turned off the water. *Id.* at 23. When they turned it back on so inmates could prepare to eat, Mr. Hogan's water did not come back on. *Id.* at 23-24. The toilet filled with water so Mr. Hogan could not use it. *Id.* at 28. He informed Officer Murray, Sgt. Vaugh, Sgt. Kozatek, and Officer Norton about the problem. *Id.* at 24, 26-27. From around 1:00 pm through the following morning, Mr. Hogan could not use or flush his toilet. *Id.* at 25. He eventually defecated into a Styrofoam tray. *Id.* at 28.

On both occasions, Mr. Hogan suffered severe abdominal pain from not using the restroom and he threw up once due to the smell. *Id.* at 19, 25, 29.

### III.
### Discussion

#### A.  Conditions of Confinement Claim

Under the Eighth Amendment, "prisoners cannot be confined in inhumane conditions." *Thomas v. Blackard*, 2 F.4th 716, 720 (7th Cir. 2021) (citing *Farmer v. Brennan*, 511 U.S. 825, 832 (1994)). A conditions-of-confinement claim includes both an objective and subjective component. *Giles v. Godinez*, 914 F.3d 1040, 1051 (7th Cir. 2019). The objective component requires a prisoner must show that the conditions were objectively serious and created "an excessive risk to his health and safety." *Id.* (cleaned up). Under the subjective component, a

3

prisoner must establish that the defendants had a culpable state of mind — that they "were subjectively aware of these conditions and refused to take steps to correct them, showing deliberate indifference." *Thomas*, 2 F.4th at 720. Proving the subjective component is a "high hurdle" that "requires something approaching a total unconcern for the prisoner's welfare in the face of serious risks." *Donald v. Wexford Health Sources, Inc.*, 982 F.3d 451, 458 (7th Cir. 2020) (internal quotations omitted). Neither "negligence [n]or even gross negligence is enough[.]" *Lee v. Young*, 533 F.3d 505, 509 (7th Cir. 2008).

Defendants argue that they are entitled to summary judgment on Mr. Hogan's Eighth Amendment claim because he was not subjected to a sufficiently serious condition. On each of two occasions, Mr. Hogan could not use the toilet in his cell for twelve hours or more and was not offered any opportunity to use another toilet outside of his cell. He suffered abdominal pain and, on one occasion, had to resort to defecating in a Styrofoam container. This Court has routinely held that denying an inmate access to a working toilet for periods less than twelve hours can violate the Eighth Amendment. *May v. Knight*, No. 1:20-cv-01792-JMS-DML, 2022 WL 2802396, at *3 (S.D. Ind. July 18, 2022) (denying summary judgment where inmate was denied restroom access for several hours on multiple occasions and had to resort to relieving himself in a container); *Hawkins v. Knight*, No. 1:22-CV-01434-JMS-MKK, 2024 WL 2763210, at *3 (S.D. Ind. May 30, 2024) (summary judgment denied where inmate was not able to access toilet for over two hours on two occasions). Defendants are not entitled to summary judgment on this claim.

### B. Free Exercise Claim

To succeed on his First Amendment free-exercise claim, Mr. Hogan must convince the factfinder that the defendants "personally and unjustifiably placed a substantial burden on his religious practices." *Thompson v. Holm*, 809 F.3d 376, 379 (7th Cir. 2016). "A substantial burden

puts substantial pressure on an adherent to modify his behavior and to violate his beliefs." *Id.* (cleaned up). An isolated instance that impacts an inmate's religious practice will often be "de minimis" and "not of constitutional dimension." *Rapier v. Harris*, 172 F.3d 999, 1006 n.4 (7th Cir. 1999) (denial of pork-free meals on three isolated occasions "does not constitute more than a de minimis burden on [plaintiff's] free exercise of religion").

"[A]n inmate is not entitled to follow every aspect of his religion; the prison may restrict the inmate's practices if its legitimate penological interests outweigh the prisoner's religious interests." *Kaufman v. McCaughtry*, 419 F.3d 678, 683 (7th Cir. 2005). Thus, even a substantial burden is permitted if the burden is "reasonably related to legitimate penological objectives." *Vinning-El v. Evans*, 657 F.3d 591, 592−93 (7th Cir. 2011) (citing *Turner v. Safley*, 482 U.S. 78, 89−91 (1987)). "Courts consider four factors when evaluating a prison policy against a First Amendment claim: (1) whether the policy rationally relates to a legitimate governmental objective; (2) whether the inmate has an alternative means of exercising the right; (3) the impact that accommodating the right will have on security; and (4) whether ready alternatives exist to the prison's policy." *Larry v. Goldsmith*, 799 F. App'x 413, 415 (7th Cir. 2020); *see Turner*, 482 U.S. at 89−91 (outlining similar factors).

Defendants argue that they are entitled to summary judgment because they did not place a substantial burden on Mr. Hogan's ability to freely exercise his religion. Mr. Hogan testified at his deposition that he must pray five times a day in a clean setting. Dkt. 34-1 at 20. Defendants do not argue that legitimate penological interests outweighed Mr. Hogan's interest in adhering to the prescribed daily prayer schedule. Instead, they only argue that missing three of five daily prayers on two occasions did not substantially burden Mr. Hogan's ability to practice his religion. Dkt. 35 at 9.

Defendants cite *Rapier v. Harris*, 172 F.3d 999, 1006 n. 4 (7th Cir. 1999) to support their argument. In that case, the Seventh Circuit held that the denial of a pork-free meal at three out of over 800 mealtimes imposed at most a de minimis impact on the plaintiff's religious practice. But missing a meal is not the same as missing a prayer time.

The facts in *Larry v. Goldsmith* are more similar to the facts presented here. No. 16-CV-1108-PP, 2019 WL 1116947 (E.D. Wis. Mar. 11, 2019), *aff'd*, 799 F. App'x 413 (7th Cir. 2020). In that case, the district court held that "a jury could reasonably find that making it impracticable for a Muslim to pray at one of the five required times of day constituted a violation of his free exercise rights." *Id.* at *6. Ultimately, the defendants were granted summary judgment, which the Seventh Circuit affirmed, because the defendants had a legitimate penological reason to limit the plaintiff's ability to complete his final prayer of the day. But here, Defendants have not made any argument that legitimate penological interests underpinned their failure to restore water to Mr. Hogan's cell or otherwise provide him access to a clean area in which to complete his daily prayers. Thus, they are not entitled to summary judgment.

## C. Qualified Immunity

"[Q]ualified immunity shields officials from civil liability so long as their conduct 'does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Mullenix v. Luna*, 577 U.S. 7, 11 (2015) (quoting *Pearson v. Callahan*, 555 U.S. 223, 232 (2009)). "To overcome the defendant's invocation of qualified immunity, [a plaintiff] must show both (1) that the facts make out a constitutional violation, and (2) that the constitutional right was 'clearly established' at the time of the official's alleged misconduct." *Abbott v. Sangamon Cty., Ill.*, 705 F.3d 706, 713 (7th Cir. 2013). This "clearly established" standard ensures "that officials can 'reasonably . . . anticipate when their conduct may give rise to liability for damages.'"

*Reichle v. Howards*, 566 U.S. 658, 664 (2012) (quoting *Anderson v. Creighton,* 483 U.S. 635, 646 (1987)). To be "clearly established," a constitutional right "must have a sufficiently clear foundation in then-existing precedent." *District of Columbia v. Wesby*, 583 U.S. 48, 63 (2018). Given this emphasis on notice, clearly established law cannot be framed at a "high level of generality." *Ashcroft v. al-Kidd*, 563 U.S. 731, 742 (2011). "A rule is too general if the unlawfulness of the officer's conduct 'does not follow immediately from the conclusion that [the rule] was firmly established.'" *Wesby*, 583 U.S. at 64 (quoting *Anderson*, 483 U.S. at 641). While "a case directly on point" is not required, "precedent must have placed the . . . constitutional question beyond debate." *White v. Pauly*, 580 U.S. 73, 79 (2017) (cleaned up). Put slightly differently, a right is clearly established only if "every reasonable official would have understood that what he is doing violates that right." *Taylor v. Barkes*, 575 U.S. 822, 825 (2015). "The Supreme Court's message is unmistakable: Frame the constitutional right in terms granular enough to provide fair notice because qualified immunity 'protects all but the plainly incompetent or those who knowingly violate the law.'" *Campbell v. Kallas*, 936 F.3d 536, 546 (7th Cir. 2019) (quoting *Kisela v. Hughes*, 138 S. Ct. 1148, 1152 (2018) (quotation marks omitted)). Qualified immunity thus "balances two important interests— the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officers from harassment, distraction, and liability when they perform their duties reasonably." *Pearson,* 555 U.S. at 231.

Defendants argue that they are entitled to qualified immunity on both of Mr. Hogan's claims. First, it was well-established at the time of Mr. Hogan's allegations that a lack of sanitation can violate the Eighth Amendment. *See Gillis*, 468 F.3d at 493; *Johnson v. Pelker*, 891 F.2d 136, 139 (7th Cir. 1989) ("Clearly, prison officials have a responsibility to provide inmates with a minima of shelter, sanitation and utilities – basic necessities of civilized life."); *Lewis v. Lane*, 816

F.2d 1165, 1171 (7th Cir. 1987) ("[A] state must provide ... reasonably adequate ventilation, sanitation, bedding, hygienic materials, and utilities[.]") (internal quotations omitted). While Mr. Hogan has not pointed to a case that is directly on point to this case, existing precedent has put the constitutional question beyond debate. *See Ashcroft*, 563 U.S. at 741. Because Mr. Hogan has submitted evidence that he was denied adequate restroom facilities and sanitation, the defendants are not entitled to summary judgment on their qualified immunity defense.

Second, it is well established that prison officials cannot "intentionally prevent[] religious practice without penological justification." *Garner v. Muenchow*, 715 F. App'x 533, 537 (7th Cir. 2017) (denying qualified immunity where prison officials failed to inform inmate how he could obtain religious objects). Mr. Hogan has submitted evidence that Defendants knew he could not complete his prayers in his cell while his toilet was clogged. Thus, defendants are not entitled to qualified immunity on this claim either.

## IV.
## Conclusion

Defendants' motion for summary judgment, dkt. [34], is **DENIED**.

The Court prefers that Mr. Hogan be represented by counsel for the remainder of this action. The **clerk is directed** to send him a motion for assistance recruiting counsel with his copy of this Order. Mr. Hogan has **through September 26, 2024**, to file a motion for counsel using this form motion or to inform the Court that he wishes to proceed pro se. Once the motion has been ruled on and counsel has been recruited, the Magistrate Judge is asked to schedule a telephonic status conference to discuss further proceedings.

**IT IS SO ORDERED.**

Date: 8/27/2024

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

RASHAAD HOGAN
166825
INDIANA STATE PRISON
INDIANA STATE PRISON
Electronic Service Participant – Court Only

Carlton Wayne Anker
Lewis and Wilkins LLP
anker@lewisandwilkins.com

Jordan Douglas Hall
Lewis and Wilkins LLP
hall@lewisandwilkins.com

Eric Ryan Shouse
Lewis And Wilkins LLP
shouse@lewisandwilkins.com


Magistrate Judge Mark J. Dinsmore